IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 17 MR WCM

| | |
|---|---|
| MICHAEL MARTIN, <br><br> Plaintiff, <br> v. <br><br> ISS FACILITIES, <br><br> Defendant. | MEMORANDUM AND RECOMMENDATION |

This matter is before the Court on Defendant's Motion to Dismiss and Motion for a More Definite Statement (the "Motion to Dismiss," Doc. 7), which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). Having carefully considered the parties' arguments, the record, and applicable authority, the undersigned respectfully recommends that the Motion to Dismiss be granted.

I.  **Procedural Background**

Plaintiff, appearing *pro se*, filed this action on January 17, 2020 (Doc. 1), along with an application to proceed *in forma pauperis* (Doc. 2). His application was granted on February 5, 2020 (Doc. 4). Defendant filed its Motion to Dismiss on March 11, 2020. Subsequently, Plaintiff responded, and Defendant replied. (Docs. 9, 11, 12).

## II. Factual Background

### A. Documents Considered

Plaintiff's form Complaint alleges a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. ("Title VII").

Attached to Plaintiff's Complaint is a copy of a Dismissal and Notice of Rights form ("Right to Sue Letter") from the Equal Employment Opportunity Commission ("EEOC"). Doc. 1-1.

Plaintiff has not submitted a copy of the charge that he filed with the EEOC ("Charge") but a copy of that document appears in the record as an exhibit to Defendant's memorandum. (Doc. 7-2). Since Plaintiff relies on the Charge as well as the Right to Sue Letter, those documents may be considered in connection with the Motion to Dismiss. See e.g., See Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009)(stating that courts may take judicial notice of matters of public record, documents attached to the complaint, and documents attached to the motion to dismiss so long as they are integral to the complaint and authentic); Corneal v. McCurdy, No. CV RDB-19-3393, 2020 WL 1914809, at *2, n.1 (D. Md. Apr. 20, 2020)(in ruling on partial motion to dismiss, EEOC charge could be considered as integral to plaintiff's complaint); Herbert v. Horizon Coach Lines, No. 3:15-CV-6-GCM, 2015 WL 3649091, at *1, n.1 (W.D.N.C. June 11, 2015)("The Court may

2

consider an EEOC charge without converting a motion to dismiss into one for summary judgment.").

To the extent there are conflicts between the allegations contained in the Complaint and the Right to Sue Letter or the Charge, the undersigned has relied on the documents. See e.g., Tinsley v. OneWest Bank, FSB, 4 F.Supp.3d 805, 819 (S.D.W. Va. 2014) ("When a document is properly considered in the context of a motion to dismiss and it conflicts with the bare allegations of the complaint, the document prevails.").

### B. Facts of Record

In July 2018, Plaintiff was hired by Defendant as a forklift driver. Charge (Doc. 7-2); see also Plaintiff's Complaint (Doc. 1) at 4. He alleges that he was the only non-white forklift driver on his shift and that he was to be paid $12.00 per hour. Complaint at 4.

Beginning on approximately August 10, 2018, Plaintiff was paid less than the agreed amount. Charge at 1. In his Charge, Plaintiff alleges that "[m]anagement said someone made a simple mistake. Although I repeatedly notified management of the simple mistake, it was never corrected." Charge at 1; see also Complaint at 6 (Plaintiff "called human resources on and off for about two months" before he contacted the EEOC.).

Plaintiff asserts that his "comparators (White) pay was correct, as I was told no one was having this issue except me" and that he was forced to resign around September 21, 2018. Charge at 1.

On March 22, 2019, Plaintiff executed the Charge. Doc. 7-2; see also Complaint at 3 (indicating that Plaintiff filed a charge in March 2019).

On October 23, 2019, the EEOC mailed the Right to Sue Letter to Plaintiff. Doc. 1-1.

Plaintiff alleges that his feelings have been hurt and that his car was repossessed, a fact he claims would never have happened if he had been paid properly. In addition, he claims that his credit has been adversely affected. Complaint at 4.

### III. Legal Standards

#### A. Rule 12(b)(6)

When considering a motion made pursuant to Rule 12(b)(6), the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009).

The court, however, is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d

4

at 192. That is, while "detailed factual allegations" are not required, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Consumeraffairs.com, 591 F.3d at 255. In short, the well-pled factual allegations must move a plaintiff's claim from conceivable to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

### B. Rule 12(e)

Rule 12(e) of the Federal Rules of Civil Procedure authorizes a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12. Such a motion must be made before a responsive pleading is filed "and must point out the defects complained of and the details desired." Id. "[T]hese motions are designed to strike at unintelligibility rather than simple want of detail." Garner v. Stoney River Legendary Steaks, No. CIV.A. DKC 14-1574, 2015 WL 570419, at *1 (D. Md. Feb. 10, 2015) (internal citations and quotations omitted).

5

## IV. Discussion

Defendant argues that certain allegations in the Complaint are outside the scope of the Charge Plaintiff filed with the EEOC, that Plaintiff's Complaint fails to state a claim upon which relief can be granted, and, alternatively, that Plaintiff should be required to submit a more definite statement of his allegations. These arguments are addressed in turn.

### A. Scope of the Complaint and the Charge

In his Charge, Plaintiff alleged that he had been discriminated against because of his race. His Complaint alleges that Defendant's conduct was discriminatory also with respect to Plaintiff's color. Cf. Complaint at 3 with Charge at 1. Under these circumstances, Defendant argues that Plaintiff's claim of color discrimination should be dismissed pursuant to Rule 12 (b)(1). Doc. 7-1 at pp. 8-9.[1]

---

[1] Defendant makes this argument pursuant to Rule 12(b)(1), contending that the Court lacks subject matter jurisdiction over the portions of Plaintiff's Complaint that exceed his Charge. Authorities supporting this view have been found. See e.g., Gean v. Charlotte Mecklenburg Sch., No. 3:15-CV-00275-RJC-DCK, 2017 WL 3402963, at *2 (W.D.N.C. Aug. 8, 2017) ("A court lacks subject matter jurisdiction if the plaintiff's claim following the filing of an Equal Employment Opportunity Commission charge is outside the scope of said charge.") (citing Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009)); Stanley v. Universal Cable Holdings, Inc., No. 4:19-CV-30-BO, 2019 WL 2980031, at *3 (E.D.N.C. July 8, 2019)("Plaintiff's sex discrimination claim is well outside the scope of his EEOC charge and, accordingly, the Court is without jurisdiction to consider it."). Last year, the Supreme Court held that Title VII's charge-filing requirement is not jurisdictional. Fort Bend Cty., Texas v. Davis, 139 S. Ct. 1843, 204 L. Ed. 2d 116 (2019). Defendant does not address whether its argument is now more properly considered under Rule 12(b)(6). However, given that the

6

Case 1:20-cv-00017-MR-WCM   Document 13   Filed 06/22/20   Page 6 of 12

As a general matter, the scope of a plaintiff's suit is determined by the contents of his EEOC charge. Atkinson v. Vidant Med. Ctr., No. 4:18-CV-161-BO, 2019 WL 5700732, at *3 (E.D.N.C. Nov. 4, 2019) (citing Bryant v. Bell Atl. Maryland, Inc., 288 F.3d 124, 132 (4th Cir. 2002). However, the Fourth Circuit has "long held that courts may in fact adjudicate claims not raised before the agency, if certain requirements are met." Stewart v. Iancu, 912 F.3d 693, 705 (4th Cir. 2019). These principles have been described as follows:

> In *Hill v. Western Electric Company, Inc.*, we recognized the "generally accepted principle" that the "scope of a Title VII lawsuit may extend to 'any kind of discrimination like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case' " before the agency. 672 F.2d 381, 390 n.6 (4th Cir. 1982). Put otherwise, an "administrative charge of discrimination does not strictly limit a Title VII suit which may follow," and federal courts may still hear claims that the employee did not raise before the agency, as long as they are "like or related" and grow out of the allegations during the pendency of the case before the agency. *Sydnor*, 681 F.3d at 594. Only "those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Chacko v. Patuxent Institution*, 429 F.3d 505, 506 (4th Cir. 2005) (citation omitted); *see also Smith v. First Union Nat. Bank*, 202 F.3d 234, 247 (4th Cir. 2000) ("If a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable

---

undersigned concludes that Plaintiff's Complaint does not exceed the scope of the Charge, this Memorandum does not examine that issue.

administrative investigation, the plaintiff may advance such claims in her subsequent civil suit."). Our precedent makes clear that plaintiffs, although circumscribed by their administrative complaints, are not wholly banned from raising claims for the first time before the district court, so long as they meet the requirements articulated in *Hill* and *Chacko*.

Stewart v. Iancu, 912 F.3d 693, 705-06 (4th Cir. 2019).

In this case, the factual allegations in the Complaint appear to be consistent with, if not identical to, those in the Charge.[2] Further, Plaintiff's race-based discrimination claim is like or reasonably related to any color-based discrimination claim in his Charge. See e.g, Sharma v. Bd. of Trustees of Univ. of Illinois, 404 F. Supp. 3d 1183, 1195 (N.D. Ill. 2019) (finding that plaintiff's race-based discrimination claim was like or reasonably related to the color-based discrimination claim in his EEOC charge); Blackman-Baham v. Kelly, No. 16-CV-03487-JCS, 2017 WL 3215350, at *5, n. 6 (N.D. Cal. July 26, 2017), aff'd sub nom. Blackman-Baham v. Nielsen, 730 F. App'x 498 (9th Cir. 2018) (finding that plaintiff's claim based on color was like or reasonably related to her claim based on race).

---

[2] In his Complaint, Plaintiff alleges that the discriminatory acts occurred between approximately August 3, 2019 and September 3, 2019, though in his Charge he contended they took place in August and September of 2018. The undersigned interprets this inconsistency as a typographical error; the alleged discriminatory conduct could not have occurred in August-September 2019 since Plaintiff executed the Charge in March 2019.

8

Case 1:20-cv-00017-MR-WCM   Document 13   Filed 06/22/20   Page 8 of 12

The undersigned, therefore, does not conclude that dismissal is appropriate on this basis.

### B. Failure to State a Claim

Defendant also argues that Plaintiff's Complaint should be dismissed because Plaintiff failed to file his Charge with the EEOC in a timely manner. Doc. 7-1 at pp. 4-6.

A Title VII plaintiff must file his charge within 180 days after the occurrence of the alleged unlawful employment practice. See 42 U.S.C. §§ 2000e-5(e)(1). Failure to file a timely charge with the EEOC bars a claim in federal court. See McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir. 1994) ("When the plaintiff fails to file such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court.") Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S. Ct. 1127, 1132, 71 L. Ed. 2d 234 (1982) ("We hold that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."); Lunn v. Clerk of Circuit Court for Baltimore City, No. CV CCB-19-729, 2020 WL 1034070, at *4 (D. Md. Mar. 3, 2020) (noting that while the Supreme Court has held that Title VII's charge filing requirement was "'not of a jurisdictional cast,' . . . the charge filing rule is mandatory, and a plaintiff's failure to exhaust administrative remedies thus justifies a claim's

dismissal.") (quoting Fort Bend, 139 S.Ct. at 1851).

In this case, Plaintiff alleges that Defendant's alleged discriminatory conduct began in August 2018 and continued until Plaintiff was forced to resign "around September 21, 2018." Charge at 1.

The period of 180 days from September 21, 2018 concluded on March 20, 2019. Plaintiff's Charge, however, was not executed until two days later, on March 22, 2019.

Consequently, Plaintiff's Charge was untimely and his claim is subject to dismissal. United States Equal Employment Opportunity Comm'n v. Worthington, Moore & Jacobs, Inc., No. CV L-04-3127, 2007 WL 9780446, at *3 (D. Md. Mar. 30, 2007)("Private litigants must follow a strict timetable in order to bring suit under Title VII.").[3]

### C. More Definite Statement

As for Defendant's argument that Plaintiff should be required to submit a more definite statement, while portions of Plaintiff's Complaint are difficult to read, the document is not so vague or ambiguous that Defendant cannot reasonably prepare a response. Defendant's argument in this regard, however, is moot as Plaintiff's claims are untimely, as discussed above.

---

[3] Plaintiff has not argued that this limitations period should be tolled.

V. **Recommendation**

For the reasons stated, the undersigned **RECOMMENDS** that:

1. To the extent Defendant's Motion to Dismiss and Motion for a More Definite Statement (Doc. 7) seeks dismissal, that the Motion be **GRANTED** and Plaintiff's Complaint be dismissed with prejudice; and

2. To the extent Defendant's Motion seeks an order directing Plaintiff to submit a more definite statement, that the Motion be **DENIED AS MOOT**.

Signed: June 19, 2020

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).